UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-462-RJC-DSC

| MICHAEL BAGGETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) ORDER |
| CHILD SUPPORT PROGRAM, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1). Also pending is Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2).[1]

## I. BACKGROUND

*Pro se* Plaintiff, who resides in Concord, North Carolina, purports to sue the Florida Child Support Program in Tallahassee, Florida, and Seminole County, Florida pursuant to 42 U.S.C. § 1983. Construing the allegations liberally, Plaintiff appears to claim that the Defendants imposed and/or enforced child support obligations that have resulted in withholding his wages, placing liens on his property, offsetting unemployment compensation payments, seizing and selling his property and assets, reporting him to credit agencies, depriving him of a fresh start to discharge his debt, and subjecting him to imprisonment. He appears to seek injunctive relief and compensatory and punitive damages.

---

[1] The Court declines to rule on Plaintiff's application to proceed *in forma pauperis* because venue is improper in this Court.

## II. DISCUSSION

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws. Datasouth Computer Corp. v. Three Dimensional

Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989).

Plaintiff presently resides in Concord, North Carolina, which is located in Cabarrus County in the Middle District of North Carolina. He seeks relief against entities located in Leon and Seminole Counties, Florida, which are in the Northern and Middle Districts of Florida, respectively. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant,[2] venue would be proper in the Middle District of North Carolina, or in the Northern or Middle District of Florida. The Middle District of North Carolina appears to be the most appropriate venue for this action because it is where Plaintiff presently resides.

### III.  CONLUSION

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina, where the Plaintiff resides.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the Middle District of North Carolina

Signed: August 29, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[2] The Court expresses no opinion about Plaintiff's standing or the procedural viability or merit of his case.